Kumar v. Garland

BIA
Nelson, IJ
A208 548 080

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16ᵗʰ day of October, two thousand twenty-four.

PRESENT:
> JON O. NEWMAN,
> DENNIS JACOBS,
> JOSEPH F. BIANCO,
> *Circuit Judges.*

_____

RAKESH KUMAR,
> *Petitioner,*

v.                                                                                   **23-6263**
                                                                                     **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**          Dalbir Singh, Dalbir Singh & Associates, New York, NY.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; Shelley R. Goad, Assistant Director; Kristin Moresi, Senior Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Rakesh Kumar, a native and citizen of India, seeks review of a February 23, 2023, order of the BIA summarily affirming a July 16, 2019, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Rakesh Kumar*, No. A208 548 080 (B.I.A. Feb. 23, 2023), *aff'g* No. A208 548 080 (Immig. Ct. N.Y. City July 16, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

As an initial matter, contrary to Kumar's argument, the BIA did not err in summarily affirming the IJ's decision without issuing an opinion. *See Yu Sheng Zhang v. U.S. Dep't of Just.*, 362 F.3d 155, 158 (2d Cir. 2004). "When the BIA summarily affirms the decision of an IJ, we review the IJ's decision as the final agency determination." *Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008).

We review an adverse credibility determination "under the substantial evidence standard," *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record (including the reports of the Department of State on country conditions) . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

3

Kumar alleged that members of the Dera Sacha Sauda ("DSS"), an organization previously led by Gurmeet Ram Rahim Singh, attacked him twice in 2015 on account of his Hindu faith and refusal to join DSS. Substantial evidence supports the agency's determination that Kumar was not credible.

The IJ reasonably relied in part on Kumar's demeanor, finding him unresponsive and evasive when testifying about injuries he purportedly suffered during a January 2015 attack. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Jin Chen v. U.S. Dep't of Just.*, 426 F.3d 104, 113 (2d Cir. 2005) ("giv[ing] particular deference to . . . the [IJ]'s observation of the applicant's demeanor, in recognition of the fact that the IJ's ability to observe . . . places her in the best position to evaluate whether apparent problems . . . suggest a lack of credibility or, rather, can be attributed to an innocent cause such as difficulty understanding the question"). The IJ also reasonably relied on Kumar's failure to mention in his application or on direct testimony, his later assertion that DSS members beat his brother during the January 2015 attack. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see Hong Fei Gao*, 891 F.3d at 78–79 (explaining that "the probative value of" omissions "depends on whether those facts are ones the witness would reasonably have been expected to disclose"). Further, the IJ did not err in relying on the conflict between, on the

4

one hand, Kumar's testimony that Gurmeet Ram Rahim Singh controls the government and that all police officers support the DSS, and, on the other hand, the country conditions evidence showing that Ram Rahim Singh has been convicted and sentenced to 20 years in prison for rape, thousands of police and soldiers were involved in searching DSS's compound, and the government has frozen DSS's accounts and attached its assets such that the group is dependent on donations. *See* 8 U.S.C. § 1158(b)(1)(B)(iii).

Having questioned Kumar's credibility, the IJ reasonably relied further on his failure to rehabilitate his testimony with reliable corroborating evidence. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The affidavits from Kumar's family members did not corroborate his testimony that the DSS members who attacked him also beat his brother; and the country conditions evidence conflicted with rather than rehabilitated his testimony about DSS. Although Kumar's medical evidence stated that he received stitches in his arm, it did not corroborate his testimony that he suffered injuries to his back and ribs.

The IJ's demeanor finding, the inconsistencies, and the lack of corroboration constitute substantial evidence for the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Hong Fei Gao*, 891 F.3d at 78–79; *Biao Yang*, 496 F.3d at 273. The adverse credibility determination is dispositive because all three forms of relief are based on the same factual predicate. *See Hong Fei Gao*, 891 F.3d at 76 ("Where the same factual predicate underlies a petitioner's claims for asylum, withholding of removal, and protection under the CAT, an adverse credibility determination forecloses all three forms of relief.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6